Opinion filed June 12, 2025



In The

# Eleventh Court of Appeals

_____

## No. 11-25-00094-CV
_____

**WESLEY FITE, Appellant**

**V.**

**LEAH FITE, Appellee**

**On Appeal from the 39th District Court**

**Throckmorton County, Texas**

**Trial Court Cause No. 3592**

## M E M O R A N D U M   O P I N I O N

Appellant has filed a pro se notice of appeal from the trial court's order denying his motion to vacate a temporary ex parte protective order that was issued pursuant to Chapter 83 of the Texas Family Code. *See* TEX. FAM. CODE ANN. §§ 83.001–.007 (West 2019 & Supp. 2024). We dismiss this interlocutory appeal.

When this appeal was docketed, the clerk of this court wrote Appellant and informed him that it did not appear that the order from which he was attempting to appeal was a final, appealable order. We requested that Appellant respond and show grounds to continue the appeal, and we informed Appellant that the appeal was

subject to dismissal.  *See* TEX. R. APP. P. 42.3.  Appellant has not filed a response despite three reminders that his response is due.

A trial court, upon application, "may *enter* a temporary ex parte order for the protection of the applicant or any other member of the family or household of the applicant" if it finds from the application "that there is a clear and present danger of family violence."  FAM. § 83.001(a) (emphasis added).  "A temporary ex parte order is valid for the period specified in the order, not to exceed 20 days" and "may be extended for additional 20-day periods."  *Id.* § 83.002.  While Section 81.009 of "[t]he Texas Family Code permits an appeal from 'a protective order *rendered* under' subtitle B of title 4 of that Code," it does not permit an appeal, as here, "from temporary ex parte protective orders *entered* under Section 83.001."  *Taylor v. Norton*, No. 06-24-00015-CV, 2024 WL 4181810, at *2 (Tex. App.—Texarkana Sept. 13, 2024, no pet.) (mem. op.) (second emphasis added) (distinguishing protective orders rendered under Section 85.001, which are appealable, from temporary ex parte protective orders entered under Section 83.001).  Appellant's motion to vacate the trial court's temporary ex parte protective order makes clear that relief sought was from the trial court's order under Section 83.001.  Accordingly, we lack jurisdiction to entertain this appeal.  *Id.* at *4.

We dismiss this appeal for want of jurisdiction, for want of prosecution, and for failure of Appellant to comply with this court's directives.  *See* TEX. R. APP. P. 42.3.

JOHN M. BAILEY
CHIEF JUSTICE

June 12, 2025

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

2